IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BYRON JEFF CRAIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLAYTON PRINGLE )<br>)<br>Defendant. ) | Case No. 09-CV-048-JHP |

## ORDER

Before the Court are Defendant Clayton Pringle's Motion to Dismiss [Docket No. 7] and Plaintiff Byron Crain's Response in Opposition [Docket No. 9]. For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND

This lawsuit stems from an automobile accident that occurred on or about September 28, 2005, in Northlake Texas. Plaintiff alleges that Defendant rammed his vehicle into the back tire and fender of Plaintiff's motorcycle. As a result, Plaintiff was pushed into and under the bumper of an 18-wheeler and subsequently knocked backwards onto the bumper and hood of Defendant's vehicle. Plaintiff further alleges that Defendant's negligence was the direct and proximate cause of his injuries.

Defendant filed the current Motion to Dismiss arguing that Plaintiff's cause of action is barred by Oklahoma's statute of limitations. In addition, Defendant argues that the Court does not have personal jurisdiction over him because he does not have the requisite minimum contacts with the state of Oklahoma. In support of this argument, Defendant states that he is domiciled in Texas, the accident occurred in Texas, and he has never even been to the state of Oklahoma. In

1

response, Plaintiff argues that the Oklahoma savings statute, Okla. Stat. tit. 12, § 100, prevents his claims from being barred by the statute of limitations. Plaintiff also argues that Defendant has minimum contacts with Oklahoma and "[i]t is not unreasonable to anticipate being h[aled] into an Oklahoma forum when you cause the injury of an adjoining state's resident." [Docket No. 9, at 7]. Because it pertains to the Courts jurisdiction over one of the parties, the Court will address the personal jurisdiction issue first.

## **DISCUSSION**

To establish personal jurisdiction over Defendant, Plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Because Oklahoma's long-arm statute permits any exercise of jurisdiction consistent with the U.S. Constitution, the personal jurisdiction inquiry conflates into a single due process inquiry. *Id.* Due process requires "only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The existence of such minimum contacts must support the exercise of either general or specific jurisdiction. Although Plaintiff does not indicate whether he is alleging specific or general jurisdiction, it appears he is only asserting specific jurisdiction.

Specific jurisdiction analysis involves a two-step inquiry. First, the Court must determine whether "the defendant's conduct and connection with the forum state are such that he

should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Second if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' " *OMI Holding*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co. v. Superior Court of Calif.*, 480 U.S. 102, 113 (1987)).

The Court finds that Plaintiff has not demonstrated that Defendant has minimum contacts with the state of Oklahoma, therefore the Court lacks personal jurisdiction over Defendant.[1] Plaintiff, as the party seeking to invoke the Court's jurisdiction, bears the burden of pleading facts that support the exercise of personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). The only facts alleged by Plaintiff are that Defendant, a Texas resident, and Plaintiff, an Oklahoma resident, were involved in an accident that occurred in Texas. Based on these facts, Plaintiff argues that: (1) Defendant will not be denied a fair and speedy trial in Oklahoma; (2) it is not unreasonable for Defendant to anticipate being haled into court in Oklahoma when he causes an injury to an adjoining state's resident; and (3) Defendant has not offered any evidence indicating inconsistencies and or unfairness.

Plaintiff's first argument regarding a fair and speedy trial is irrelevant to the question of whether Defendant has sufficient minimum contacts with Oklahoma. Furthermore, Plaintiff's third argument improperly attempts to place the burden on Defendant to offer evidence that personal jurisdiction is lacking. As stated above, Plaintiff has the burden of establishing that

---

[1] Because Plaintiff has not demonstrated that Defendant has the requisite minimum contacts with Oklahoma, it is unnecessary for the Court to proceed to the second prong of the personal jurisdiction analysis.

exercising jurisdiction over the Defendant is proper, not the other way around. *Dudnikov,* 514 F.3d at 1069. Finally, Plaintiff's argument that Defendant has minimum contacts with Oklahoma because he injured an Oklahoma resident while driving in Texas is completely unsupported by law. Plaintiff cites no authority to support this argument and the Court's own research has not discovered any case law supportive of Plaintiff's position. The Oklahoma Court of Civil Appeals has held that Oklahoma courts may exercise jurisdiction over a non-resident who injured an Oklahoma citizen while driving on an *Oklahoma* highway. *McKinnis v. Kelly*, 773 P.2d 772, 772-73 (Okla. Civ. App. 1989) (emphasis added). However, the Court is not aware of any Oklahoma court which has exercised personal jurisdiction over a non-resident driver based solely on an accident which occurred in another state. Generally, actions for damages arising out of automobile accidents can only be maintained in the jurisdiction where the defendant is located or where the accident occurred. *See* 8 Am. Jur. 2D *Automobiles* § 1005. In this case, the accident did not occur in Oklahoma and Defendant is not an Oklahoma citizen. Accordingly, the Court has no grounds to exercise personal jurisdiction over Defendant. Because the jurisdictional issue is dispositive as to this Motion, the Court does not reach the statute of limitations issue.

## CONCLUSION

Because the Court lacks jurisdiction over Defendant Clayton Pringle, his Motion to Dismiss [Docket No. 7] is hereby GRANTED and this Order closes the case.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma